UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MASAO KIKUCHI,

    Petitioner,

v.

CATHERINE BAUMAN,

    Respondent,
_____/

Civil No. 2:20-CV-11142
HONORABLE SEAN F. COX
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Masao Kikuchi, ("petitioner"), confined at the Newberry Correctional Facility in Newberry, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges the Michigan Parole Board's decision to deny him release on parole for his conviction for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and one count of possessing child sexually abusive material, Mich. Comp. Laws § 750.145c(2). For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED.

### I. Background

Petitioner was sentenced to ten to thirty years in prison after pleading guilty in the Wayne County Circuit Court to one count of first-degree criminal sexual conduct and one count of possessing child sexually abusive material. The victim in this case is petitioner's daughter. Petitioner has been denied parole several times, most recently on February 21, 2020.

Petitioner seeks habeas relief on the following grounds:

I. Whether the substantive due process bars Michigan Parole Board from denying foreign-national inmates, who are to be deported, by the reasons relating to the safety of society while the safety of the societies outside the United States is not part of Michigan's interest for the purpose of parole release.

1

 II. Whether mandatory and automatic consequence of parole denial resulted from failure to participate in a treatment program establishes the existence of a protected liberty interest under *Sandin* [*v. Conner*], 515 U.S. 472 [(1995)] and *Vitek* [*v. Jones*], 445 U.S. 480 [(1995)], and furthermore substantive due process bars such a coercive program recommendation, which does not apply to petitioner unless its reasons are rationally related to legitimate state interests.

 III. Whether the unconstitutional conditions doctrine prohibits Parole Board from denying the benefit of parole on a basis that the applicant refuses to meet the condition which infringes on his constitutionally protected interests.

## II. Discussion

The petition for writ of habeas corpus must be dismissed because petitioner fails to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.; See also Mahaday v. Cason,* 222 F. Supp. 2d 918, 919 (E.D. Mich. 2002)("Under the federal statutes

governing habeas corpus proceedings, an answer to a petition for habeas corpus is not required unless the court orders one.").

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's parole denial claims do not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

As an initial matter, there is no indication that petitioner has exhausted his claims with the state courts. However, in light of the fact that Michigan law does not permit a prisoner to appeal an adverse decision by the Michigan Parole Board, petitioner's failure to exhaust his parole denial claims with the state courts is excusable. *See Jackson v. Jamrog,* 411 F. 3d 615, 618 (6th Cir. 2005).

Petitioner's primary claim is that he has wrongfully been denied release on parole.

There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987). Stated more succinctly, there is no federal constitutional right to be paroled. *See Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999). The Sixth Circuit has repeatedly held that Michigan's parole statute does not create a liberty interest for a prisoner to be paroled prior to the expiration of his or her sentence. *See Crump v. Lafler*, 657 F. 3d 393, 404-05 (6th Cir. 2011); *Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010); *Caldwell v. McNutt*, 158 F. App'x. 739, 740-41 (6th Cir. 2006), *Ward v. Stegall,* 93 F. App'x. 805, 806-07 (6th Cir. 2004)*; Carnes v. Engler,* 76 F. App'x. 79, 80 (6th Cir. 2003); *Sweeton v. Brown*, 27 F.3d 1162, 1164–165 (6th Cir.1994)(en banc).

3

Petitioner initially argues that he is entitled to habeas relief because there is a conflict between two of Michigan's statutes regarding parole release. Petitioner notes that Mich. Comp. Laws § 791.233(1)(a) indicates that a prisoner cannot be released on parole unless the Parole Board has a reasonable assurance that the prisoner will not be a menace to society or public safety, but that Mich. Comp. Laws § 791.234b permits the Parole Board to place a prisoner on parole and deliver him or her to the Immigrations and Customs Enforcement (ICE) for deportation without any evaluation as to that prisoner's dangerousness. Petitioner appears to argue that because he is a Japanese national, the Parole Board should have released him without considering whether or not he would be a danger to society.

Petitioner ignores the fact that under Mich. Comp. Laws § 791.234b(2)(c)(ii), a prisoner who has been convicted of first-degree criminal sexual conduct, as petitioner was, is ineligible to be paroled for deportation, thus, the Parole Board was required to use the standards contained within Mich. Comp. Laws § 791.233(1)(a) to determine petitioner's eligibility for parole.

Petitioner further contends that the Michigan Parole Board violated his rights by ignoring the Michigan Parole Guidelines, which gave petitioner a high probability score for being paroled.

The fact that petitioner had been given a high probability score for being paroled did not give rise to a protected liberty interest in petitioner being paroled. *See Crump v. Lafler,* 657 F. 3d at 403-04. The Sixth Circuit in *Crump* noted:

> While Petitioner may have been classified as a "high probability of parole," a *probability* does not equal a presumption. As defined by the *Oxford English Dictionary*, probability means "[t]he property or fact of being probable, esp. of being uncertain but more likely than not." Oxford English Dictionary (3d ed. 2007). Everyday parlance is quite consistent with this definition: "probability" lies at some distance from certainty. Neither can a probability, incorporating as it does that degree of uncertainty, rise to the significance of a mandated result, or a presumption. Even if a grant of parole were viewed as "more likely than not" to

4

>   occur, the outcome nonetheless remains "uncertain," and therefore "more likely than not" cannot create a presumption's "entitlement" to that result; there can be no legitimate expectation or entitlement properly founded on the basis of an event the occurrence of which is merely "likely."

*Crump,* 657 F. 3d at 404 (emphasis original).

In addition, the fact that Michigan's parole scheme requires the Michigan Parole Board to provide substantial and compelling reasons to depart above the parole guidelines range, as required by Mich. Comp. Laws § 791.233e, does not create a protected liberty interest in petitioner being released on parole. *See Carnes v. Engler,* 76 F. App'x. at 80.

Where an inmate has no legitimate expectation of, and thus no liberty interest in, receiving parole, as is the case here, a parole board's failure to set an inmate's release date in accordance with parole guidelines does not give rise to a due process claim. *Johnson v. Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004); *see also Coleman v. Martin,* 63 F. App'x. 791, 792-93 (6th Cir. 2003)(prisoner could not maintain § 1983 action based upon the erroneous scoring of his parole guidelines).

Petitioner further contends that he is being penalized by the Michigan Parole Board for refusing to participate in a Sex Offender Treatment Program before they will consider him for parole release.

The Supreme Court has ruled that "States ... have a vital interest in rehabilitating convicted sex offenders" and "acceptance of responsibility for past offenses" is a "critical first step" in a prison's rehabilitation program for such offenders. *McKune v. Lile*, 536 U.S. 24, 33 (2002).

Petitioner claims that the Parole Board's requirement violates his First Amendment right to freedom of speech because it compels him to speak and admit that he is a sex offender. Numerous courts have rejected such claims, concluding that parole boards do not infringe upon a

5

prisoner's First Amendment rights by requiring them to admit their guilt in order to participate in a sex offender treatment program as a prerequisite to parole consideration. *See Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010); *Morris v. Berghuis*, No. 2:12-CV-10417, 2013 WL 1874872, at * 6 (E.D. Mich. Mar. 28, 2013)(Komives, M.J.), *report and recommendation adopted sub nom. Morris v. McQuiggin*, No. 12-10417, 2013 WL 1914099 (E.D. Mich. May 8, 2013)(Cohn, J.), *Ralph v. Simpson*, No. 11–15097, 2012 WL 4498293, at * 5 (Aug. 16, 2012)(Whalen, M. J.), *magistrate judge's report and recommendation adopted,* 2012 WL 4476540 (E.D. Mich. Sept. 28, 2012)(Hood, J.); *Spencer v. Atterberry*, No. 1:10–cv–735, 2011 WL 65866, at * 9–10 (W.D. Mich. Jan.10, 2011).

To the extent that petitioner claims that participation in the Sex Offender Treatment Program as a condition of his parole violates his Fifth Amendment right against self-incrimination, he would not be entitled to relief.

In *McKune v. Lile*, *supra*, the Supreme Court held that requiring a convicted sex offender to admit responsibility for his criminal conduct as part of a prison rehabilitation program did not violate the prisoner's Fifth Amendment right against self-incrimination. *Id.* at 29, 48, In that context, the Court noted that "rehabilitation is a legitimate penological interest that must be weighed against the exercise of an inmate's liberty." *Id.* at 36. The Fifth Amendment right against self-incrimination is not implicated by the alleged compulsion on a prisoner to admit, in order to improve his chances for parole, that he is guilty of the crime for which he is incarcerated. *Hawkins v. Morse*, No. 1999 WL 1023780, * 2, 194 F.3d 1312 (6th Cir.1999)(Table)("[I]t cannot be said that the alleged pressure to admit that he committed the crime for which he is incarcerated in order to improve his chances for parole forces [petitioner] to incriminate himself in violation of the Fifth Amendment."). The Parole Board's consideration

of the fact that petitioner did not participate in sex offender programing, and refuses to admit his guilt for the crimes of which he already has been convicted, does not violate his Fifth Amendment rights.

Petitioner lastly claims that it would violate his daughter's right of privacy to require him to participate in the Sex Offender Treatment Program.

A habeas petitioner lacks standing to assert the constitutional rights of other persons. *See Bowers v. Michigan*, No. 16-2325, 2017 WL 1531958, at * 2 (6th Cir. Apr. 28, 2017); *see also United States v. Grigsby*, 784 F. App'x 592, 595 (10th Cir. 2019)(criminal defendant in case involving sexual exploitation of minor victim lacked standing to assert victim's right to privacy when moving to seal the case). In any event, petitioner does not allege that he would be required to divulge his daughter's name or other identifying information while participating in the Sex Offender Treatment Program. Petitioner does not offer any caselaw that a sex offender's participation in a sex offender treatment program violates a victim's right to privacy. Petitioner is not entitled to relief on his claim.

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would

7

find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). Because petitioner does not have a protected liberty interest in being granted parole, he has failed to make a substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a certificate of appealability on his claims. *See Heidelberg v. Illinois Prisoner Review Bd.,* 163 F. 3d 1025, 1025-1027 (7th Cir. 1998). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

## IV. ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

                                          s/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: May 19, 2020